# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### 2016 MSPB 35

Docket Nos. AT-0752-15-0199-I-1
AT-0353-14-0838-B-1

**Gregory Turner,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

October 4, 2016

Gregory Turner, Memphis, Tennessee, pro se.

Cynthia R. Allen, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant petitions for review of two initial decisions that dismissed his appeals for failure to prosecute. For the reasons set forth below, we JOIN the appeals under 5 C.F.R. § 1201.36(b) because doing so will expedite processing without adversely affecting the interests of the parties, DENY the petitions for review, and AFFIRM the initial decisions.

## BACKGROUND

¶2      The history of the appellant's litigation with the agency is somewhat involved, but the essential facts for the two appeals now before us are set forth below.

MSPB Docket No. AT-0353-14-0838-B-1

¶3      In denying the appellant's petition for enforcement of a previous final Board order, the administrative judge docketed a new appeal pertaining to the agency's alleged denial of the appellant's restoration rights.[1]  MSPB Docket No. AT-0353-10-0960-C-1, Initial Decision (July 25, 2014).  After affording the parties the opportunity to file evidence and argument, the administrative judge then dismissed the restoration appeal for lack of jurisdiction.  MSPB Docket No. AT-0353-14-0838-I-1, Initial Decision (Feb. 2, 2015).  On petition for review of the initial decision, the Board found that the appellant had made a nonfrivolous allegation of Board jurisdiction and remanded the appeal for the administrative judge to make findings regarding the circumstances surrounding the reduction in the appellant's working hours in late March and early April 2013.  MSPB Docket No. AT-0353-14-0838-I-1, Remand Order (Sept. 28, 2015).

¶4      On remand, in November and December 2015, the appellant filed two pleadings containing the same change of address.  MSPB Docket No. AT-0353-14-0838-B-1, Remand File (RF), Tabs 3-4.  In a February 2, 2016 order, the administrative judge scheduled a status conference with the parties for 10:00 a.m. on February 11, 2016.  RF, Tab 7 at 1.  The administrative judge noted, among other things, that the agency had requested a release from the appellant to obtain his workers' compensation records from the Department of Labor.  *Id.*  The order

---

[1] The appellant initially filed his claim as a petition for enforcement of a March 31, 2011 Final Order in MSPB Docket No. AT-0353-10-0960-I-1.  The administrative judge denied that petition.  MSPB Docket No. AT-0353-10-0960-C-1, Initial Decision (July 25, 2014).

was served on the appellant at his address of record provided in the November and December submissions. *Id*. at 2.

¶5        On February 17, 2016, the administrative judge issued an order stating that the appellant had not appeared at the status conference.  RF, Tab 9 at 1.  The administrative judge noted that the agency had appeared at the status conference and that the agency representative informed her that the appellant had not responded to the agency's attempts to obtain his authorization for the Department of Labor to release his workers' compensation records.  *Id*.  The administrative judge stated that the records "are central to the adjudication of the appellant's pending appeals."  *Id*.  The administrative judge ordered the appellant to send the agency the authorization by February 26, 2016.  *Id*. at 2.  She also informed the appellant that his continued failure to comply with Board orders might result in sanctions, including dismissing the appeal for failure to prosecute.  *Id*.  The February 17, 2016 order was served on the appellant at his address of record.  *Id*. at 3.

¶6        On March 11, 2016, the administrative judge issued another order noting that the appellant had not complied with her February 17, 2016 order to provide the agency with the requested authorization and that he had not addressed his failure to attend the February 11, 2016 status conference.  RF, Tab 11 at 1.  She again ordered the appellant to send the agency the authorization, affording him until March 21, 2016, to comply.  *Id*. at 2.  She also ordered the appellant to update his contact information in the record, including a valid telephone number. *Id*.  She reiterated that his continued failure to comply with Board orders might result in sanctions, including dismissing the appeal for failure to prosecute.  *Id.* at 1-2.  Like the two previous orders, the March 11, 2016 order was served on the appellant at his address of record.  *Id*. at 3.

¶7        On April 8, 2016, after not hearing from the appellant, the administrative judge ordered the appellant for a third time to send the agency the requested authorization, affording him until April 19, 2016, to comply.  RF, Tab 13 at 2.

She again put the appellant on notice that his continued failure to comply with Board orders might result in sanctions, including dismissing the appeal for failure to prosecute. *Id.* at 1-2. The April 8, 2016 order was served on the appellant at his address of record. *Id.* at 3. The appellant did not respond to this, or to any of the administrative judge's other orders.

¶8 On May 24, 2016, the administrative judge issued a remand initial decision dismissing the appeal for failure to prosecute. RF, Tab 16, Remand Initial Decision (RID) at 3. She noted therein that the appellant had registered as an e‑filer on April 26, 2016, but that he had failed to comply with her prior orders and failed to provide a response addressing his failure to comply. RID at 2‑3.

MSPB Docket No. AT-0752-15-0199-I-1

¶9 On December 9, 2014, the appellant filed a new appeal alleging that the agency had failed to properly restore him to duty when, on December 6, 2014, his supervisor had ordered him not to return to work. MSPB Docket No. AT-0752-15-0199-I-1, Initial Appeal File (IAF), Tab 1 at 3, 5. In November and December 2015, the appellant filed two pleadings in this appeal containing the same change of address. IAF, Tabs 20-21. The new address provided by the appellant was the same as the one he provided in the remand appeal. *Compare* RF, Tabs 3-4, *with* IAF, Tabs 20-21.

¶10 On February 2, 2016, the administrative judge issued an order canceling the hearing, previously scheduled for February 23, 2016, and scheduling a status conference for 10:00 a.m. on February 11, 2016. IAF, Tab 24 at 1. The administrative judge noted, among other things, that the agency had requested a release from the appellant to obtain his workers' compensation records from the Department of Labor. *Id.* The order was served on the appellant at his address of record. *Id.* at 2.

¶11 As she did in the remanded appeal, on February 17, 2016, the administrative judge issued an order stating that the appellant had not appeared at

the status conference. IAF, Tab 25 at 1. The order was essentially identical to the February 17, 2016 order in the remand appeal and, like that order, was served on the appellant at his address of record. *Compare* IAF, Tab 25, *with* RF, Tab 9. Thereafter, the administrative judge issued orders on March 11, 2016, and April 8, 2016, that were essentially identical to the orders issued in the remand appeal on those dates. *Compare* IAF, Tabs 27, 29, *with* RF, Tabs 11, 13. Like the orders in the remand appeal, those orders notified the appellant of the possible consequences for failing to comply with the administrative judge's order and were served on the appellant at his address of record. *Compare* IAF, Tabs 27, 29, *with* RF, Tabs 11, 13.

¶12    On May 24, 2016, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 32, Initial Decision (ID) at 3. As in the remand initial decision, she noted that the appellant had registered as an e-filer on April 26, 2016, but that he had failed to comply with her prior orders and failed to provide a response addressing his failure to comply. ID at 2‒3.

¶13    In identical petitions for review regarding the two May 24, 2016 initial decisions, the appellant contends that the sanction of dismissal of his appeals for failure to prosecute was not warranted. MSPB Docket No. AT-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-B-1, Petition for Review (B-1 PFR) File, Tab 1 at 4; MSPB Docket No. AT-0752-15-0199-I-1, Petition for Review (I-1 PFR) File, Tab 1 at 4. He states that he did not respond to the administrative judge's orders because of a lack of access to a telephone or computer due to financial difficulties.[2] B‒1 PFR File, Tab 1 at 4; I‒1 PFR File, Tab 1 at 4.

---

[2] For the first time on review, the appellant submits a portion of the Office of Workers' Compensation Programs Field Nurse Handbook. B-1 PFR File, Tab 1 at 6-9; I-1 PFR File, Tab 1 at 6-9. Because he has not shown that this document was unavailable prior to the close of the record below, despite his due diligence, the Board need not consider

ANALYSIS

¶14      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Leseman v. Department of the Army*, [122 M.S.P.R. 139](), ¶ 6 (2015); *Chandler v. Department of the Navy*, [87 M.S.P.R. 369](), ¶ 6 (2000); [5 C.F.R. § 1201.43]()(b); *see Ahlberg v. Department of Health & Human Services*, [804 F.2d 1238](), 1242 (Fed. Cir. 1986).  The Board has held that the imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order, or has exhibited negligence or bad faith in his efforts to comply.  *Chandler*, [87 M.S.P.R. 369](), ¶ 6; *see Leseman*, [122 M.S.P.R. 139](), ¶ 6.  The severe sanction of dismissal with prejudice for failure to prosecute an appeal should not be imposed when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears to be confused by Board procedures.  *Chandler*, [87 M.S.P.R. 369](), ¶ 6.  Further, failure to obey a single order does not ordinarily justify dismissal for failure to prosecute.  *Heckman v. Department of the Interior*, [106 M.S.P.R. 210](), ¶ 16 (2007); *Chandler*, [87 M.S.P.R. 369](), ¶ 6.  Nevertheless, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice.  *See Holland v. Department of Labor*, [108 M.S.P.R. 599](), ¶ 9 (2008); *Heckman*, [106 M.S.P.R. 210](), ¶¶ 15-16; *Gordon v. Department of the Air Force,* [104 M.S.P.R. 358](), ¶ 4 (2006).

it on review.  *See Avansino v. U.S. Postal Service*, [3 M.S.P.R. 211](), 214 (1980).  In any event, this evidence is immaterial to the issue of the appellant's failure to prosecute his appeal and does not warrant a different outcome than that of the initial decision.  *See Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980).

¶15      When an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate. *Williams v. U.S. Postal Service*, [116 M.S.P.R. 377](116 M.S.P.R. 377), ¶ 9 (2011); *Heckman*, [106 M.S.P.R. 210](106 M.S.P.R. 210), ¶ 16; *Murdock v. Government Printing Office*, [38 M.S.P.R. 297](38 M.S.P.R. 297), 299 (1988); *see Ahlberg*, 804 F.2d at 1242-43. For example, in *Murdock*, the sanction of dismissal of the appeal with prejudice was appropriate because the appellant completely failed to respond to or comply with any of the Board's orders. *Williams*, [116 M.S.P.R. 377](116 M.S.P.R. 377), ¶ 9 (citing *Murdock*, 38 M.S.P.R. at 298‑99). We analogize the facts of the appellant's appeals here to those in cases like *Murdock* where the appellant failed to exercise basic due diligence. *See id.*

¶16      We find that the administrative judge did not abuse her discretion in imposing the sanction of dismissal with prejudice in this case. The record reflects that the appellant failed to appear for the scheduled status conferences on February 11, 2016, in each of these appeals and failed to respond to the administrative judge's orders to execute a release for his workers' compensation records. RF, Tabs 9, 11, 13; IAF, Tabs 25, 27, 29. Indeed, with the exception of his registering as an e-filer in each appeal on April 26, 2016, there is no evidence that the appellant took any steps to pursue his appeals from the time that he failed to appear for the status conferences until he filed his petitions for review. The record also reflects that the appellant was warned repeatedly that his failure to participate in the appeal could result in the dismissal of the appeal for failure to prosecute. RF, Tabs 9, 11, 13; IAF, Tabs 25, 27, 29. While we appreciate the appellant's apparent financial difficulties, those difficulties do not explain why he did not use other inexpensive means, such as mailing a paper response to the administrative judge. *Cf. Johnson v. Department of Veterans Affairs*, [64 M.S.P.R. 257](64 M.S.P.R. 257), 259 (1994) (finding that financial difficulties do not constitute good cause for a waiver of a filing deadline), *aff'd*, [56 F.3d 81](56 F.3d 81) (Fed. Cir. 1995). Based on the foregoing circumstances, we agree with the administrative judge's

finding that the appellant failed to exercise due diligence in prosecuting his appeal, and we affirm the dismissal with prejudice for failure to prosecute.

## ORDER

¶17 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.